# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

| | | |
|---|---|---|
| LEE YERKES, | ) | |
| | ) | Case Nos. 1:24-cv-228; 1:18-cr-38 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's motion to vacate his sentence under 28 U.S.C. § 2255. (Doc. 1 in Case No. 1:24-cv-228; Doc. 63 in Case No. 1:18-cr-38.)  In his motion, Petitioner argues that the Court should vacate his sentence because his Tennessee burglary convictions do not qualify as "crimes of violence" for purposes of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  For the following reasons, the Court will **DENY** Petitioner's motion.

## I.    BACKGROUND

On March 27, 2018, a grand jury returned a one-count indictment charging Petitioner with possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  (Doc. 1 in Case No. 1:18-cr-38.)  Petitioner eventually pleaded guilty to the charge, and the Court conducted his sentencing hearing on July 15, 2019.  (Doc. 42 in Case No. 1:18-cr-38.)  At his sentencing hearing, the Court determined that Petitioner was an armed career criminal under 18 U.S.C. § 924(e) and sentenced him to the mandatory-minimum 180 months' imprisonment. (Doc. 43 in Case No. 1:18-cr-38.)   The United States Court of Appeals for the Sixth Circuit affirmed Petitioner's sentence (Doc. 52 in Case No. 1:18-cr-38), and the Supreme Court of the

United States denied Petitioner's petition for writ of certiorari on January 11, 2021. On July 9, 2024, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to § 2255, arguing that his prior convictions for Tennessee burglary are no longer predicate offenses under the ACCA. (Doc. 1 in Case No. 1:24-cv-228; Doc. 63 in Case No. 1:18-cr-38.)

## II. STANDARD OF LAW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Additionally, section 2255(f) is a one-year limitations period on all petitions for collateral relief under § 2255 running from the latest of: (1) the date when the judgment of conviction becomes final; (2) the date when the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date when the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

## III.   ANALYSIS

In this case, Petitioner's § 2255 motion is untimely.  "Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."  *Clay v. United States*, 537 U.S. 522, 527 (2003).  Petitioner's conviction became final on January 11, 2021, when the Supreme Court denied his petition for writ of certiorari.  As a result, he had to file his § 2255 on or before January 11, 2022, to be timely under 28 U.S.C. § 2255(f)(1).

Petitioner's § 2255 motion is also untimely under 28 U.S.C. § 2255(f)(3).  Petitioner's presentence report noted that he had seven felony convictions that qualified as predicate offenses under the ACCA, including two Tennessee aggravated burglary convictions and five Georgia burglary convictions.  (Doc. 25, at 8–9 in Case No. 1:18-cr-38.)  Although Petitioner asserts that his Tennessee aggravated burglary convictions no longer count as ACCA predicates, that argument is contrary to the Supreme Court's holding in *United States v. Stitt*, 586 U.S. 27 (2018), which expressly held that a conviction in Tennessee for aggravated burglary meets the definition of a crime of violence under the ACCA.  And Petitioner's § 2255 motion does not identify any precedent suggesting that his five Georgia burglary convictions no longer qualify as predicate offenses under the ACCA.  As a result, Petitioner has not identified a newly recognized right that the Supreme Court has made retroactively applicable to cases on collateral review and, therefore, has not demonstrated that his petition is timely under 28 U.S.C. § 2255(f)(3).[1]

---

[1] To the extent Petitioner contends his motion is timely based on the Supreme Court's recent decision in *Erlinger v. United States*, 144 S. Ct. 1840 (2024), that argument also fails, at least for now.  In *Erlinger*, the Supreme Court held that the Fifth and Sixth Amendments of the United States Constitution require a jury to determine whether a defendant committed three violent felonies or serious drug offenses on separate occasions to impose a mandatory minimum sentence under the ACCA.  The Supreme Court did not, however, hold that its ruling was

3

## IV. CONCLUSION

For the reasons stated herein, the Court **DENIES** Petitioner's § 2255 motion. (Doc. 1 in Case No. 1:24-cv-228; Doc. 63 in Case No. 1:18-cr-38.) Should Petitioner give timely notice of an appeal from this order, such notice will be treated as an application for a certificate of appealability, which is hereby **DENIED** since he has failed to make a substantial showing of the denial of a constitutional right or "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court [is] correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see also* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**. *See* Fed. R. App. P. 24

**AN APPROPRIATE JUDGEMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

retroactive on collateral review. As such, the Supreme Court's recent decision in *Erlinger* does not, at this point in time, make Petitioner's § 2255 motion timely.

4